IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| UNITED STATES OF AMERICA, | No. 23-CR-1014-CJW-MAR |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| JACQUSYN ZECHARIAH GRUBB, | |
| Defendant. | |

_____

## I. INTRODUCTION

This matter is before the Court on defendant's Motion to Dismiss the Indictment. (Doc. 25). The government filed a timely resistance. (Doc. 28). On September 21, 2023, the Court ordered supplemental briefing; both parties timely complied. (Docs. 36; 38; 39). For the following reasons, the Court **denies** defendant's motion to dismiss the Indictment as facially unconstitutional and **denies** defendant's as-applied challenge.

## II. RELEVANT BACKGROUND

On June 28, 2023, a grand jury indicted defendant in a one-count Indictment charging him with possession of a firearm by a drug user in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(8). (Doc. 3). The Indictment alleges that defendant, knowing he was an unlawful user of marijuana, knowingly possessed firearms, specifically a Glock 22, .22 LR caliber pistol and a Smith & Wesson M&P-15, 5.56 NATO caliber pistol, in and affecting commerce. (*Id.*).

On September 19, 2023, defendant entered a conditional plea preserving his right to appeal his Motion to Dismiss, should the Court deny the motion. (Docs. 33; 34; 35). As a result, this Court ordered supplemental briefing on whether by entering a conditional plea, defendant waived his ability to challenge the Motion to Dismiss on appeal, and if

not, on what factual basis the parties believe the Court is to analyze the defendant's as-applied challenges. (Doc. 36).

### III.   DISCUSSION

Defendant argues the Court should dismiss Count 1 of the Indictment. (Doc. 25). Defendant asserts 922(g)(3) is inconsistent with this Nation's historical tradition of firearm regulation, as required by *Bruen*. *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (*Id.*, at 2-13).

The Court finds that Section 922(g)(3) does not violate the Second Amendment on its face and therefore denies defendant's motion to dismiss. In arriving at this conclusion, the Court first finds that Section 922(g)(3) implicates conduct protected by the Second Amendment. Second, the Court concludes that Section 922(g)(3) is consistent with this Nation's traditional regulation of possession of firearms by criminals.

#### A.   Post-**Bruen** *Facial Challenge*

Defendant asserts Section 922(g)(3) violates the Second Amendment right to bear arms. (Doc. 25-1). Defendant argues first that the Second Amendment's plain text covers conduct regulated in Section 922(g)(3). (*Id.*, at 3-5). Second, defendant asserts the government cannot and has not met its burden to show that the regulation of the conduct in the statute—possession of a firearm by an unlawful drug user—is consistent with this Nation's historical tradition of firearm regulation as required in *Bruen*. (*Id.*, at 5-12). For the reasons that follow, the Court denies the motion to dismiss on this ground.

##### 1.   *Implication of the Second Amendment*

The Second Amendment to the United States Constitution provides "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. Title 18, United States Code, Section 922(g), however, provides that "[i]t shall be unlawful for any person . . . (3) who is an unlawful user of or addicted to any controlled substance . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." The question here

is whether Section 922(g)(3) unconstitutionally infringes upon defendant's right to keep and bear arms guaranteed to persons under the Second Amendment.

In *Bruen*, the United States Supreme Court explained that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 142 S. Ct. at 2129-30. Only after the government makes that showing "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* at 2130 (internal quotation marks and further citation omitted). In *Bruen*, the Supreme Court held unconstitutional a State of New York's penal code provision making it a crime to possess a firearm outside the home without a license, when licensing required applicants to satisfy a "proper cause" for possessing a firearm by "demonstrat[ing] a special need for self-protection distinguishable from that of the general community." 142 S. Ct. at 2123 (further citation omitted). The Supreme Court determined that all lower courts had erred in applying means-end scrutiny of statutes regulating firearms, finding that statutes regulating conduct protected by the Second Amendment are presumptively unconstitutional unless the government can show that "it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. Because the State of New York only issued public-carry licenses when an applicant demonstrated a special need for self-defense, the *Bruen* Court found "the State's licensing regime violates the Constitution." *Id.* at 2122. "*Bruen* transformed and left uncharted much of the legal landscape" of Second Amendment jurisprudence. *United States v. Charles*, 22-CR-00154-DC, 2022 WL 4913900, at *1 (W.D. Tex. Oct. 3, 2022).

Under *Bruen*, the threshold question a court must address is whether the statute in question regulates conduct protected by the Second Amendment. Here, Section 922(g)(3) criminalizes possession of a firearm, which is conduct expressly protected by the Second Amendment. The text of the Second Amendment does not qualify who may possess

3

firearms, but rather uses the word "people." Thus, as a textual matter, the plain reading of the Second Amendment covers defendant who is a person under the Constitution. *See United States v. Perez-Gallan*, 22-CR-00427-DC, 2022 WL 16858516, at *8-9 (W.D. Tex. Nov. 10, 2022) (finding the Second Amendment applies to members of the political community and is not limited to law-abiding citizens). Thus, the Court answers the threshold question in the affirmative.

### 2. Section 922(g)(3) is Consistent with the Nation's Tradition of Firearm Regulation

Having found that Section 922(g)(3) implicates conduct protected by the Second Amendment, the next question is whether it is consistent with the Nation's historical tradition of firearm regulation. The second prong of *Bruen* requires the Court to determine "if there is a history and tradition of keeping guns from those engaged in criminal conduct"; if so, then the law is constitutional "whether the Second Amendment right belongs to all Americans or just to ordinary, law-abiding citizens." *Fried v. Garland*, Case No. 4:22-cv-164-AW-MAF, 2022 WL 16731233, at *5 (N.D. Fla. Nov. 4, 2022) (quoting *Heller*, 554 U.S. at 581; *Bruen*, 142 S. Ct. at 2122) (internal quotation marks and citations omitted). This Court has found several times that Section 922(g)(3) is constitutional. *See United States v. Garcia*, Case No. 23-CR-2018-CJW-MAR, at Doc. 25; *United States v. Springer*, Case No. 23-CR-1013-CJW-MAR, at Doc. 44; *United States v. Wuchter*, Case No. 23-CR-2024-CJW-MAR, at Doc. 33; *United States v. Ledvina*, Case No. 23-CR-36-CJW-MAR. The Court makes the same finding here for the same reasons, which it will repeat here.

The Supreme Court's holding in *Bruen* did not overturn *District of Columbia v. Heller*, in which the Court recognized the importance of "the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" 554 U.S. 570, 627 (2008) (citations omitted). In fact, the *Bruen* Court expressly stated that its opinion was "consistent with *Heller* and *McDonald* [*v. City of Chicago*, 561 U.S. 742 (2010)]." 142

S. Ct at 2122. As in *Heller* and *McDonald*, the issue in *Bruen* concerned "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 2133. The *Bruen* Court noted that it was undisputed that the petitioners were "two ordinary, law-abiding, adult citizens" who are "part of 'the people' whom the Second Amendment protects." *Id.* at 2134. In the first paragraph of the *Bruen* opinion, the Court framed the issue as follows:

> In *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010), we recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense. In this case, petitioners and respondents agree that ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense. We too agree, and now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.

*Id.* at 2122 (parallel citations omitted). In the concluding paragraph of the majority opinion, the Court repeated that the right to bear and keep arms belonged to "law-abiding citizens with ordinary self-defense needs." *Id.* at 2156.

Thus, it is abundantly clear that the *Bruen* Court did not disturb the conclusions in *Heller* and *McDonald* in which the Justices made it plain that it left undisturbed government regulations prohibiting felons from possessing firearms. *Id.* at 2162 (Kavanaugh, J., concurring). It follows that, since *Bruen*, lower courts have consistently held as constitutional Section 922(g)(1) which makes it an offense for felons to possess firearms. *See United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457, at *8 (S.D. W.Va. Oct. 12, 2022) (collecting cases). The broader question the Supreme Court left open is the extent to which statutes prohibiting other categories of people from possessing firearms is supported by the historic regulation of firearm possession.

In *Heller*, the Supreme Court emphasized that despite its holding that the Second Amendment conferred an individual right to bear arms, it was not undertaking "an

5

Case 2:23-cr-01014-CJW-MAR    Document 40    Filed 10/20/23    Page 5 of 13

exhaustive historical analysis . . . of the full scope of the Second Amendment, [and that] nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Heller*, 554 U.S. at 626-27. The *Heller* Court explained: "We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." 554 U.S. at 627 n.26. Later, in *McDonald*, 561 U.S. at 785-87, the Supreme Court reaffirmed the sentiment that *Heller* was not meant to create doubt about the regulations that prohibited firearm possession by certain groups of people or in certain places.

After *Heller*, but prior to *Bruen*, the Eighth Circuit Court of Appeals held that Section 922(g)(3) was a lawful exception to the Second Amendment—an exception consistent with the historical understanding of the amendment's protections. In *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010), the Eighth Circuit rejected a facial constitutional challenge to Section 922(g)(3). The Eighth Circuit explained:

> Nothing in Seay's argument convinces us that we should depart company from every other court to examine § 922(g)(3) following *Heller*. Further, § 922(g)(3) has the same historical pedigree as other portions of § 922(g) which are repeatedly upheld by numerous courts since *Heller*. *See* Gun Control Act of 1968, Pub. L. No. 90-618, 82 Stat. 1213. Moreover, in passing § 922(g)(3), Congress expressed its intention to "keep firearms out of the possession of drug abusers, a dangerous class of individuals." *United States v. Cheeseman*, 600 F.3d 270, 280 (3d Cir. 2010), *pet. for cert. filed*, 78 U.S.L.W. 3731 (U.S. June 1, 2010) (No. 09-1470). As such, we find that § 922(g)(3) is the type of 'longstanding prohibition[ ] on the possession of firearms' that *Heller* declared presumptively lawful. *See* 128 S. Ct. at 2816–17. Accordingly, we reject Seay's facial challenge to § 922(g)(1).

*Id.* (alteration in original).

The *Seay* Court did not conduct the type of historic analysis the Supreme Court contemplated in *Bruen*. Still, the Court does not find persuasive defendant's argument.

6

(Doc. 39-1, at 2 (citing *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023))). As the Honorable Stephen H. Locher, United States District Court Judge for the Southern District of Iowa, reasoned:

> All the same, nothing in *Bruen* expressly repudiates the holding of *Seay*. To the contrary, in a concurring opinion in *Bruen*, Justice Kavanaugh (joined by Chief Justice Roberts) reiterated the earlier admonitions of Justices Scalia (in *Heller*) and Alito (in *McDonald*) that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . ." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring (quoting *Heller*, 554 U.S. at 626, 128 S.Ct. 2783)). As *Seay* relied heavily on the same "longstanding prohibition" language in affirming the facial constitutionality of § 922(g)(3), *see* 620 F.3d at 925, it is difficult for this Court to conclude *Seay* is no longer good law. Instead, the proper course is to treat *Seay* as binding and "leav[e] to [the Eighth Circuit] the prerogative of overruling its own decisions." *United States v. Coonce*, 932 F.3d 623, 641 (8th Cir. 2019) (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)); *see also United States v. Wendt*, --- F. Supp. 3d ----, ----, 2023 WL 166461, at *5 (S.D. Iowa Jan. 11, 2023) (declining to interpret *Bruen* as having invalidated firearm restrictions under the Bail Reform Act absent "much clearer guidance from higher courts").

*United States v. Le*, No. 4:23-cr-00014-SHL-HCA, 2023 WL 3016297, at *2 (S.D. Iowa Apr. 11, 2023).

Here, the Court agrees with Judge Locher's reasoning. Absent the Eighth Circuit itself finding that *Bruen* overturned its holding in *Seay*, this Court must treat *Seay* as binding precedent. For that reason, the Court would deny defendant's motion to dismiss on the ground that Section 922(g)(3) violates the Second Amendment. *See also Gilpin v. United States*, Civil No. 22-04158-CV-C-RK-P, 2023 WL 387049, at *4 (W.D. Mo. Jan. 3, 2023) (rejecting a post-*Bruen* challenge to Section 922(g)(3), finding that *Bruen* did not overturn binding precedent in *Seay*).

Regardless, even if the Court did not find *Seay* binding, under the more robust historic analysis demanded by *Bruen*, the Court is persuaded that Section 922(g)(3) withstands a constitutional attack. In *United States v. Bena*, 664 F.3d 1180, 1183-84 (8th Cir. 2011), the Eighth Circuit conducted a more thorough historic analysis of the regulation of firearms as it relates to dangerous people during the Founding era in rejecting a constitutional challenge to Section 922(g)(8), which criminalizes firearm possession by persons subject to a court order of protection for domestic abuse. There, the Eighth Circuit concluded there was "a common-law tradition that permits restrictions directed at citizens who are not law-abiding and responsible." *Bena*, 664 F.3d at 1183. Further, as Justice Barrett, who was then sitting as a judge on the Seventh Circuit Court of Appeals, noted, there is ample evidence from the Founding era that firearms were restricted from those who were deemed dangerous to society. *See Kanter v. Barr*, 919 F.3d 437, 464 (7th Cir. 2019) (Barrett, J., dissenting) ("The historical evidence does, however, support a different proposition: that the legislature may disarm those who have demonstrated a proclivity for violence or whose possession of guns would otherwise threaten the public safety. This is a category simultaneously broader and narrower than 'felons'—it includes dangerous people who have not been convicted of felonies but not felons lacking indicia of dangerousness."). Congress considered drug abusers to be a "dangerous class of individuals." *Seay*, 620 F.3d at 925. Congress made it illegal for unlawful drug users to possess firearms for the common sense and obvious reason that someone using illegal drugs, in possession of a firearm, poses a real danger to the community. *See United States v. Yancey*, 621 F.3d 681, 685 (7th Cir. 2010) ("[H]abitual drug abusers, like the mentally ill, are more likely to have difficulty exercising self-control, making it dangerous for them to possess deadly firearms."). It follows, then, that barring unlawful drug users who pose a danger to society is consistent with the history of firearm regulation at the time the Second Amendment was adopted.

This Court is not alone in reaching the conclusion that Section 922(g)(3) does not violate the Second Amendment. Numerous other district courts have reaffirmed the conclusion that Section 922(g)(3) is constitutional after *Bruen*. *See, e.g.*, *United States v. Walker*, 8:22-CR-291, 2023 WL 3932224, at *5 (D. Neb. June 9, 2023) (rejecting post-*Bruen* challenge to Section 922(g)(3), finding the *Seay* case controlling); *Le*, 2023 WL 3016297, at *5 (rejecting a post-*Bruen* constitutional challenge to Section 922(g)(3)); *United States v. Posey*, Case No. 2:22-CR-83 JD, 2023 WL 1869095, at *9-10 (N.D. Ind. Feb. 9, 2023) (denying as applied and facial post-*Bruen* challenge to Section 922(g)(3)); *United States v. Lewis*, Case No. CR-22-368-F, Case No. CR-22-395-F, 2023 WL 187582, at *4 (W.D. Okla. Jan. 13, 2023) (rejecting a post-*Bruen* constitutional challenge to Section 922(g)(3)); *United States v. Sanchez*, W-21-CR-00213-ADA, 2022 WL 17815116, at *3 (W.D. Tex. Dec. 19, 2022) (holding that Section 922(g)(3) is "consistent with this Nation's historical tradition of firearm regulation"); *Fried*, 2022 WL 16731233, at *7 ("At bottom, the historical tradition of keeping guns from those the government fairly views as dangerous—like alcoholics and the mentally ill—is sufficiently analogous to modern laws keeping guns from habitual users of controlled substances . . . . The challenged laws are consistent with the history and tradition of this Nations' [sic] firearm regulation."); *United States v. Seiwert*, Case No. 20 CR 443, 2022 WL 4534605, at *2 (N.D. Ill. Sept. 28, 2022) (holding that Section "922(g)(3) is relevantly similar to regulations aimed at preventing dangerous or untrustworthy persons from possessing and using firearms, such as individuals convicted of felonies or suffering from mental illness"); *United States v. Daniels*, 610 F.Supp.3d 892, 897 (S.D. Miss. 2022) (finding Section 922(g)(3) constitutional after determining that "analogous statutes which purport to disarm persons considered a risk to society—whether felons or alcoholics—were known to the American legal tradition").

True, some other district courts have found Section 922(g)(3) violates the Second Amendment. *See, e.g.*, *United States v. Connelly*, Cause No. EP-22-CR-229(2)-KC,

9

2023 WL 2806324, at *12 (W.D. Tex. Apr. 6, 2023); *United States v. Harrison*, Case No. CR-22-00328-PRW, 2023 WL 1771138, at *24 (W.D. Okla. Feb. 3, 2023).[1] The Court has reviewed these non-binding decisions and, with respect, simply disagrees with the narrow view these courts took of the historic precedent of regulating firearm possession by dangerous and unlawful citizenry. The Court is persuaded that Section 922(g)(3) is a constitutional restriction consistent with historical tradition.

Thus, the Court **denies** defendant's motion to dismiss, finding Section 922(g)(3) does not violate the Second Amendment on its face.

### B. Post-Bruen *As-Applied Challenge*

Defendant also challenges Section 922(g)(3) as unconstitutional as-applied to him—a marijuana user—and requests an evidentiary hearing. (Doc. 25-1). Defendant demands an evidentiary hearing on this challenge, but he cites no authority for an evidentiary hearing. (Doc. 25-1, at 12 n.10). As-applied challenges are premature absent facts elicited at a bench or jury trial that a court could then use to analyze the challenges. *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016) (stating a district court cannot adjudicate an as-applied challenge without first resolving factual issues related to the alleged offense, and thus, must wait to do so until trial).

The Court notes there is no summary judgment procedure in federal criminal cases. *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996); *United States v. Viskup*, No. 1:12–CR–263–ODE–JFK, 2013 WL 6858906, at *9 (N.D. Ga. Dec. 30, 2013); *United States v. Williams*, No. 1:10–CR–150–TCB–AJB, 2010 WL 3488131, at

---

[1] The Fifth Circuit Court of Appeals recently held Section 922(g)(3) unconstitutional in *United States v. Daniels*, Case No. 1:22-CR-58-1 (5th Cir. Aug. 9, 2023). This decision is not only not binding on this Court, but the Court also respectfully disagrees with that court's reasoning and treatment of analogues in that case. This narrow reading and demand for near perfect analogues—despite acknowledging *Bruen*'s pronouncement analogues need not be perfect—is too severe and places too great an emphasis on the specific controlled substance Daniels used—marijuana—when Section 922(g)(3) regulates unlawful users and addicts of any controlled substance, not specific controlled substances. 18 U.S.C. § 922(g)(3).

\*3 (N.D. Ga. Aug. 2, 2010). Although Rule 12 allows a defendant to move to dismiss an indictment prior to trial on the basis of improper venue, it requires that "the motion can be determined without a trial on the merits." The sufficiency of a criminal indictment is determined from its face. *See Jensen*, 93 F.3d at 669; *Williams*, 2010 WL 3488131, at \*3. The allegations of the indictment must be taken as true. *See United States v. Razo*, No. 1:11–CR–00184–JAW, 2012 WL 5874667, at \*5 (D. Me. Nov. 20, 2012); *United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir 1997). "If there is a facially sufficient indictment, the Court cannot make venue determinations based on extrinsic evidence in deciding a pre-trial motion . . . . This is particularly true where, as here, the Defendant's factual contentions on venue are interwoven with the evidence in the case itself." *Razo*, 2012 WL 5874667, at \*5 (citation omitted).

But here, defendant has entered a conditional plea; he is not going to trial. The caselaw directing district courts on how they may address as-applied, post-*Bruen* challenges—particularly when as here, there will be no trial—is nascent and scarce. There is some indication from *Turner*, however, that a court could in limited circumstances analyze an as-applied challenge post-plea—"[t]he 'facts surrounding the commission of the alleged offense' would assist with that determination, and the contested defense therefore could not be ruled upon without a 'trial on the merits.'" *Turner*, 842 F.3d at 604-05 (finding the Court's premature ruling on as-applied challenge "prejudiced the defendant's ability to obtain appellate review of his constitutional challenge, for he conditionally pled guilty under his mistaken assumption that he could have an appellate court review an adverse determination of his motion to dismiss").[2] More than this, the Eighth Circuit Court of Appeals, in deciding *United States v. Koech*, 992 F.3d 686 (8th Cir. 2021), examined an as-applied challenge using the facts at the jury trial but did not

---

[2] The Court notes the facts stipulated to by the parties here are the bare minimum, and the Court did not find any cases in this circuit where a court was able to rule on a motion to dismiss on such barebones facts in a plea agreement.

cite *Turner* or address in any way whether the district court erred when it denied the as-applied challenge prior to trial. In view of these cases, it is unclear whether, when, and how a court is to proceed on a motion to dismiss in a case resolved by a conditional plea agreement, particularly when there are minimal facts available. Nevertheless, the Court must decide defendant's as-applied challenge.

Here, defendant has properly preserved his right to appeal this order in the conditional plea, so there is no risk to his ability to obtain review of his motion as existed in *Turner*. (Doc. 35); *United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011) ("[A]n as-applied vagueness challenge is non-jurisdictional and waived unless specifically reserved for appeal in a conditional plea agreement.").

Further, defendant has stipulated to facts establishing all three elements of the offense. Defendant admits that on or about April 3, 2023, knowing he was an unlawful user of a controlled substance—marijuana—defendant possessed a Glock 44, .22 LR caliber pistol and a Smith & Wesson M&P-15, 5.56 NATO caliber pistol in the Northern District of Iowa. (Doc. 35, at 3). Having been manufactured outside the state of Iowa, both firearms necessarily traveled in interstate commerce during or before defendant possessed them. (*Id.*). He also admits that during a traffic stop, officers recovered the Glock 44, .22 LR caliber pistol in defendant's pants and found that the firearm was fully automatic because of a conversion device. (*Id.*, at 3-4). Officers recovered marijuana from defendant's person, and upon search of the vehicle recovered a backpack with a scale bearing residue, .22 caliber rounds of ammunition, marijuana, and a Smith & Wesson M&P-15, 5.56 NATO caliber pistol. (*Id.*). At the time of this event, defendant was a regular user of marijuana, was in knowing possession of both firearms, and was a marijuana user at the time he possessed both firearms. (*Id.*). Thus, there is no "contested defense" to speak of because defendant's admission and stipulation established each element.

As discussed earlier, though firearms possession is protected conduct, the specific conduct proscribed in the statute—barring unlawful drug users from possessing firearms—is consistent with the history of firearm regulation at the time the Second Amendment was adopted. And defendant stipulated that, at the time he possessed the firearms referenced in the Indictment he was an "unlawful user" of a controlled substance, specifically marijuana. (*Id.*, at 3-4). Nothing in the application of Section 922(g)(3) to defendant is arbitrary or outside the scope of the conduct the statute covers; defendant's possession of the firearms as an "unlawful user" of drugs is the exact conduct proscribed in the statute. 18 U.S.C. § 922(g)(3) ("It shall be unlawful for any person . . . who is an unlawful user of . . .any controlled substance[.]"). Thus, Section 922(g)(3) is not unconstitutional as-applied to this defendant.

Thus, the Court **denies** defendant's motion on this ground.

### IV. CONCLUSION

For these reasons, the Court **denies** defendant's motion to dismiss the Indictment (Doc. 25) as facially unconstitutional and **denies** defendant's as-applied challenge.

**IT IS SO ORDERED** this 20th day of October, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa